**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **HUNTER CAMPBELL and** | * | **CIVIL ACTION:** |
| **HEATHER BOURQUE** | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **ALLSTATE VEHICLE AND** | * | **MAGISTRATE JUDGE:** |
| **PROPERTY INSURANCE COMPANY** | * | |
| | * | |

**************************************************************************

**NOTICE OF REMOVAL**

Defendant, **Allstate Vehicle and Property Insurance Company** ("Allstate"), appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

1.

Plaintiffs filed this lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against Allstate on August 22, 2023. The case was captioned "*Hunter Campbell and Heather Bourque vs. Allstate Vehicle and Property Insurance Company*", Docket C-736395, "24". (*See* Petition for Damages, Citation and Proof of Service upon Allstate through the La. Secretary of State on September 20, 2023, forwarding of the Petition by the Secretary of State to Allstate on September 21, 2023, and receipt of the Petition by CT Corp on September 22, 2023, attached hereto in globo and marked for identification as Exhibit A.)

2.

Plaintiffs' lawsuit arises out of damage to their home located at 15375 Tom Drehr Road, Pride, Louisiana which was damaged by Hurricane Ida. (Exhibit A at Petition at ¶s 5-8, & Petition generally). Plaintiffs had homeowners insurance through Allstate at the time of the storm. (*Id*. at 6). Plaintiffs allege that they notified Allstate of the loss and provided satisfactory proof of loss to Allstate. (*Id*. at ¶9, & Petition generally). Plaintiffs allege that Allstate made insufficient payments, acted arbitrarily, capriciously, and without probable cause in handling his claim. (*Id*. at ¶10-18). Plaintiffs further allege Allstate breached its contractual obligation, acted in bad faith and violated LSA-R.S. §22:1892 and §22:1973. (*Id.*)

3.

Allstate removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

| II. | REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 AND COMPLETE DIVERSITY EXISTS. |

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

231/162.0120

A. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in this removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

6.

Allstate inspected plaintiffs' property and paid $91,656.30 under dwelling; $2,656.30 under other structures; and $23,390.44. (*See* Allstate payment worksheets, attached hereto in globo as Exhibit B) Plaintiffs claim that Allstate did not adequately adjust, investigate, and pay her claim. (*See* Exhibit A at Petition, at ¶ 9-18)

7.

Additionally, Plaintiffs asserts in their petition that Allstate is liable for the payment of statutory bad faith penalties and attorney's fees pursuant to LSA-R.S. §22:1892 and 1973 and alleges:

> 14.
> The actions of Allstate in failing to timely, fully, and fairly adjust Plaintiffs' claims are arbitrary, capricious, and without probable

> cause, making Allstate liable for damages, penalties and attorney fees provided under La. R.S. § 22:1892 and LA. R.S. § 22:1973.

(*See* Exhibit A at Petition at ¶14)

8.

If Plaintiff was able to prove that Allstate failed to timely make payments to her as required by the Louisiana insurance bad faith statutes "[w]hen such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars whichever is greater payable to the insured…. or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs" La. R.S. 22:1892 B. (1).

9.

Plaintiffs alleges they provided Allstate with sufficient proof of loss, that Allstate failed to timely and adequately tender, and that coverage remains available and is due to plaintiffs. (*See* Exhibit A, at ¶10). Allstate has paid $91,656.30 under dwelling; $2,656.30 under other structures; and $23,390.44 personal property. (Exhibit B)  The Allstate policy provides the following coverages: $215,000 dwelling; $21,500 other structures; $64,500 personal property; and up to 24 months of ALE not to exceed $10,750. (*See* Certified Allstate policy, attached hereto in globo as Exhibit C)  There is $123,343.70 remaining under dwelling; $18,843.70 under other structures; and $41,109.56 personal property. Based upon plaintiffs' claims that they are owed the remaining coverages, it is clear that the claims exceed the $75,000 jurisdictional threshold. Moreover, plaintiffs allege they are entitled to bad faith damages. A bad faith award includes attorney's fees

which are permitted by law and are included in determining the amount in controversy for satisfaction of federal jurisdiction.

10.

Plaintiffs refuse to offer a binding stipulation or renunciation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00. *See Davis v. AllstateFire & Cas. Co.*, No. 06-560, 2006 U.S. Dist. LEXIS 37225 at *7 (E.D. La. June 7, 2006) (Vance, J.) (Citing to La. Code Civ. Proc. art. 862); *Treadway v. AllstateMut. Auto Ins. Co.*, No. 11-2965, 2012 U.S. Dist. LEXIS 8536, 2012 WL 219369 (E.D. La. Jan. 25, 2012) (Feldman, J.) See also *Reeves v. TPI Restaurants, Inc.,* 05-1778, 2007 U.S. Dist. LEXIS 35999 at *5, 2007 WL 1308380 (W.D. La. April 13, 2007) in which Magistrate Judge Kirk found that "[p]laintiffs' attempted stipulation that their damages do not exceed $75,000 would have to have been filed with the petition in order to have been effective." (citing to *DeAguliar v. Boeing Co*. 47 F. 3d 1404 (5th Cir. 1995); *recommendation adopted* (W.D. La. May 3, 2007) (Drell, J.).

11.

Plaintiffs' Petition also does not contain an allegation required by La. Code of Civil Procedure Article 893 A. (1) that "[i]f a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that the claim exceeds or is less than the requisite amount is required."    Federal Courts within Louisiana have held that a plaintiff's failure to follow La. C.C.P. art. 893 (A) (1)'s mandate is entitled to some consideration although in and of itself is not determinative of the amount in controversy. *Johnson v. Beale*, 18-961 2018 WL 6037526 at *2 (M.D. La. November 16, 2018) (citations omitted); *Joseph v. AllstateMutual Automobile Co*., 11-122, 2011 WL 2899127 at *2

(E.D. La. July 18, 2011) (Fallon, J.) (citations omitted); *Courville v. AllstateMutual Automobile Ins. Co.*, 15-cv-01221, 2015 WL 4730124 at *1-2 (W.D. La. August 10, 2015) (Hanna, M.J.) (citations omitted)

12.

While Allstate admits no liability nor any element of damages, Allstate has met its burden of showing that the amount in controversy exceeds $75,000, exclusive of interest and costs. Indeed, plaintiffs allege that Allstate failed to timely pay and settle their claim and that they are entitled to the remaining coverages. (*See* Exhibit A, at ¶10). Allstate has paid $91,656.30 under dwelling; $2,656.30 under other structures; and $23,390.44 personal property. (Exhibit B) Plaintiffs claims these payments were insufficient and untimely and that Allstate owes penalties and attorney's fees on same. While Allstate disputes this claim, if considered true, plaintiffs would be owed $58,851.52 in penalties, plus attorney's fees. Further plaintiffs claim they entitled to the remaining coverages which totals an additional $183,296.96. Plaintiffs claim that Allstate has refused to pay sufficient amounts due on the claim despite submitting satisfactory proof of loss. And still, plaintiff makes a claim for all amounts owned under that policy that remain. Additionally, plaintiff is making a claim for attorney's fees in addition to bad faith penalties, and the plaintiff has not alleged in the Petition that his damages are below $75,000. Therefore, Allstate has met its burden of proving the amount in controversy exceeds $75,000, exclusive of interests and costs.

B. **COMPLETE DIVERSITY EXISTS**

13.

Plaintiffs Hunter Campbell and Heather Bourque reside in East Baton Rouge Parish, are domiciled in East Baton Rouge Parish, and are citizens of the State of Louisiana.

231/162.0120

14.

Allstate Vehicle and Property Insurance Company is a foreign corporation organized under the laws of and incorporated in the State of Illinois, has its principal place of business in the State of Illinois, and is therefore, a citizen of the State of Illinois. 28 U.S.C. § 1332(c)(1). Allstate is domiciled in Illinois.

15.

Accordingly, there is complete diversity of citizenship between plaintiff and defendant.

16.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**III.   ALLSTATEHAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

17.

Allstate was served with the Petition for Damages through its agent for service of process, the Louisiana Secretary of State, on September 20, 2023. (*See* Exhibit A). The Secretary of State forwarded the Petition to CT Corp on September 21, 2023, which was received by CT Corp on September 22, 2023. (*See* Exhibit A)

18.

This Notice of Removal is filed within thirty (30) days after service.

19.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and a citizens or subjects of a foreign state.

20.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

21.

No previous application has been made by Allstate for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by Allstate to date are attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiffs, Brian J. Houghtaling and Tucker H. McGill and Houghtaling Law Firm, LLC, and the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.  No other process, pleadings, or orders have been served upon Allstate.

## IV.    CONCLUSION

22.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, Allstate, has complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

23.

Allstate reserves the right to supplement or amend this Notice of Removal.

24.

Allstate reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to Allstate.

25.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

*/s/ Michele Trowbridge Barreca*
**MICHELE TROWBRIDGE BARRECA (#30974)**
**MATTHEW E. SIMMONS (#36674)**
**AUSTIN W. LANIER (#40216)**
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA 70130
Telephone:  (504) 581-3838
mtrowbridge@phjlaw.com
msimmons@phjlaw.com
alanier@phjlaw.com
*Attorney for Allstate Vehicle and Property Insurance Company*

## **CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)**

I hereby certify that on this 20th day of October, 2023 a copy of the foregoing Notice of Removal has been sent to the following:

**Counsel for Plaintiffs, Hunter Campbell and Heather Bourque –** *via E-mail*
Brian J. Houghtaling
Tucker H. McGill
Houghtaling Law Firm
Two Lakeway Center
3850 N. Causeway Blvd., Suite 1090
Metairie, LA 70002
E-mail: brian@houghtalinglaw.com
           tucker@houghtalinglaw.com

**Clerk of Court –** *via fax filing (225) 389-3392*
East Baton Rouge Parish Clerk of Court
19th Judicial District Court
Post Office Box 1991
Baton Rouge, LA  70821

*/s/ Michele Trowbridge Barreca*

231/162.0120