# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HUNTER CAMPBELL, et al.**                        **CIVIL ACTION**

**VERSUS**                                                          **NO. 23-1518-JWD-SDJ**

**ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY**

---

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court..

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 26, 2025.

*[signature]*

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUNTER CAMPBELL, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1518-JWD-SDJ** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before the Court on an Order to Show Cause (R. Doc. 38) issued on January 28, 2025. As explained below, Plaintiffs failed to comply with or otherwise respond to the Court's Show Cause Order. For that reason, and because Plaintiffs have failed to take any steps to prosecute this litigation in over 9 months, it is recommended that Plaintiff's cause of action be dismissed for failure to prosecute under Local Civil Rule 41(b), and pursuant to this Court's inherent power. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Plaintiffs Hunter Campbell and Heather Bourque filed this action on September 1, 2023, seeking relief for damage allegedly incurred to their property during Hurricane Ida.[1] Defendant removed the proceeding to this Court on October 20, 2023, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] On June 5, 2024, the Parties filed a Stipulation of Mediation, signed by counsel for both Parties as well as the court-appointed neutral assigned to this case, agreeing to

---

[1] R. Doc. 2-1 at 6-7.
[2] R. Doc. 1.

mediation of this dispute.[3] Thereafter, on October 3, 2024, Plaintiffs' counsel filed a Motion to Withdraw as Counsel of Record, stating, *inter alia*:[4]

> During the pendency of this case, Mr. Hunter who was the point of contact for this matter stopped communication with Movants. Movants have made numerous attempts to contact Mr. Hunter regarding this matter, all to no avail. After many phone calls, emails, and text messages went unanswered, the mediation that was set for August 26, 2024 was cancelled.

The Court granted counsel's Motion to Withdraw the following day, October 4, 2024.[5]

On January 3, 2025, Defendant filed a Motion asking the Court to set an in-person status conference "for the purpose of discussing settlement and furtherance of this matter."[6] The Court granted Defendant's Motion, setting an in-person status conference for January 22, 2025.[7] A copy of this Order was mailed to Plaintiffs and was returned as undeliverable and marked as "Moved Left No Address Unable To Forward."[8] After resetting the status conference due a Court closure,[9] an in-person status conference was held on January 28, 2025.[10] While defense counsel appeared, Plaintiffs did not. At the conference, defense counsel represented "that all efforts to contact Plaintiffs since Plaintiffs' counsel withdrew have been unsuccessful."[11] Because Plaintiffs failed to appear for the status conference, the Court issued a Show Cause Order on January 28, 2025, ordering Plaintiffs to "SHOW CAUSE, in writing, on or before February 27, 2025, why sanctions should not be imposed or a recommendation of dismissal pursuant to Local Civil Rule 41 be issued for failure to follow Court orders and failure to prosecute this action."[12] All copies of this Order,

---

[3] R. Doc. 16.
[4] R. Doc. 22 at 1 ¶ 2.
[5] R. Doc. 25.
[6] R. Doc. 26 at 1.
[7] R. Doc. 30.
[8] R. Doc. 36.
[9] R. Doc. 35. The Notice resetting the status conference was also returned as undeliverable for the same reason stated above. R. Doc. 39.
[10] R. Doc. 38.
[11] *Id.* at 1.
[12] *Id.*

which were sent to Plaintiffs both by regular mail and certified mail, return receipt requested, were returned as undeliverable for the same reason: "Moved Left No Address Unable To Forward."[13] To date, Plaintiffs have not responded.

Additionally, Local Civil Rule 11(a)(5) mandates that each pro se litigant "has a continuing obligation to apprise the Court of any address change." As Plaintiffs clearly have moved and have not updated their address with the Court, Plaintiffs have not upheld this duty, in violation of L.R. 11(a)(5).

"This Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*." *Scheppf v. U.S. Attorney Gen.*, No. 16-575, 2018 WL 3193857, at *2 (M.D. La. Jun. 13, 2018); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion."); *Maxey v. Citizens Nat'l Bank of Lubbock, Tex.*, 459 F.2d 56, 57 (5th Cir. 1972) (affirming *sua sponte* dismissal for failure to prosecute where plaintiff failed to respond to show cause order); *Curtis v. Quarterman*, 340 F. App'x 217, 217-18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant.") (internal citation omitted); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order); *Williams v. Potter*, No. 03-1409, 2006 WL 1233136, at *1 (E.D. Tex. May 5, 2006) ("Rule 41(b), Federal Rules of Civil Procedure, authorizes the court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order.").

---

[13] R. Docs. 39-42.

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Williams*, 2006 WL 1233136, at *1 (quoting *Link*, 370 U.S. at 629-30; *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997), *cert. denied*, 522 U.S. 875 (1997)).

Local Civil Rule 41(b) provides for dismissal "by the Court for lack of prosecution … [w]here a cause has been pending six months without proceedings being taken within such period." L.R. 41(b)(1)(C). This provision requires that, prior to issuance of a dismissal, the plaintiff be sent notice and "allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act." L.R. 41(b)(2). It also specifically provides that "[i]f no response is received within the allotted time, the Court may dismiss the civil action." *Id.* Here, notice was provided via the Show Cause Order issued on January 28, 2025, and no response has been provided.

Because Plaintiffs failed to attend the in-person status conference, failed to respond to the Court's Show Cause Order, failed to keep the Court apprised of their current address, and failed filed anything or otherwise made an appearance in this case in over 9 months, they have failed to prosecute their claim. Given this failure to comply with Court orders and rules, the Court recommends that Plaintiffs' cause of action be dismissed pursuant to Local Civil Rule 41(b), and this Court's inherent power, for failure to prosecute.[14] *See Early on behalf of E.E. v. Comm'r of Soc. Sec.*, No. 19-461, 2020 WL 13526619, at *2 (M.D. La. Sep. 23, 2020), *report and recommendation adopted*, 2020 WL 6938812 (M.D. La. Nov. 25, 2020) (dismissing case *sua sponte* for failure to prosecute based on plaintiff's failure to respond to a motion to dismiss, failure

---

[14] The Court notes that here, it has the authority to *sua sponte* dismiss this matter under either Fed. R. Civ. P. 41(b) or L.R. 41. Because it previously mentioned dismissal per L.R. 41 in its Order as a sanction for failure to attend the telephone conference or otherwise make substantive efforts to prosecute the case, the Court will here recommend dismissal pursuant to L.R. 41.

to appear for a hearing on the motion to dismiss, and because "[p]laintiff has not contacted the Court or filed anything into the record to explain her failure to participate in the case or to respond to Court orders").

Accordingly,

**IT IS RECOMMENDED** that Plaintiffs' cause of action be **DISMISSED** pursuant to Local Civil Rule 41(b), and this Court's inherent power, for **failure to prosecute**.

Signed in Baton Rouge, Louisiana, on March 26, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**